FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>DOUGLAS PARSLEY,<br><br>                Defendant. | No. 1:20-CR-02001-SAB-1<br><br>**ORDER ENTERING RENEWED STIPULATED PROTECTIVE ORDER RE: COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND** |

      Before the Court is the parties' Renewed Stipulation Regarding Computer Forensic Review Procedures for Child Pornography Contraband, ECF No. 54. The parties agree and request the Court enter a stipulated protective order regarding computer forensic review procedures of child pornography evidence in this case pursuant to 18 U.S.C. § 3509(m). The Court previously rejected a similar proposed stipulated protective order because it was concerned that this was a Yakima case with Yakima counsel, but the Government was only making the discovery available for review in Spokane. The parties now indicate that this is because the

**ORDER ENTERING RENEWED STIPULATED PROTECTIVE ORDER RE: COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND \* 1**

Government only has facilities and equipment to review the materials in Spokane and because Defendant's forensic expert is also based in Spokane. The Court therefore enters the parties' proposed stipulated protective order. **However, the Court encourages the Government to provide reviewing equipment and facilities in Yakima for future cases or be prepared to explain why that is not possible.**

Accordingly, **IT IS HEREBY ORDERED:**

1. The parties' Renewed Stipulation Regarding Computer Forensic Review Procedures for Child Pornography Contraband, ECF No. 54, is **GRANTED** as follows.

2. The Court finds that 18 U.S.C. § 3509(m) applies to this case and the Court is required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the Government makes the material reasonably available to Defendant and provides an ample opportunity for the defense to examine it at a Government facility.

3. In order to comply with 18 U.S.C. § 3509(m) and to allow Defendant the greatest opportunity to prepare an effective defense in preparation for trial in this matter, the Government **SHALL** make available a true and accurate forensic copy of devices and media containing alleged child pornography contraband at issue in the above-referenced case. The Government **SHALL** make that forensic image reasonable available to Defendant and provide ample opportunity for the defense team to examine it at a Government facility in Spokane, Washington. The parties may readdress the Court if there is a need for additional or after-hours access during the course of litigation in the event trial or motion hearings require additional forensic review.

4. The defense forensic examination will be conducted in an interview room monitored examination will be conducted in an interview room monitored by

**ORDER ENTERING RENEWED STIPULATED PROTECTIVE ORDER RE: COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND * 2**

closed-circuit television ("CCTV") without audio feed. While the CCTV will ensure the integrity of HIS space and security of its occupants, the video feed is not of sufficient detail or at an angle that would reveal defense strategy. The Government and its agents expressly agree that no attempt will be made to record any audio from the workstation and that no attempt will be made to observe the defense team's work product or computer monitor screen at any time. The defense expert may review the feed to ensure that defense strategy is not being compromised at any time while conducting the forensic review.

5. The defense team (Defendant's counsel of record, Defendant's designated expert, and a defense investigator) shall not make, nor permit to be made, any copies of the alleged child pornography contraband pursuant to this Protective Order and shall not remove any contraband images from the Government facility. The defense expert will be allowed to copy any file that is not contraband and compile a report (without contraband images or videos) documenting the examination of removable media at the discretion of the defense expert.

6. The designated defense expert will leave at the Government facility any equipment, including hard drives, which contain child pornography contraband that is identified during forensic evaluation. The parties may readdress this matter with the Court upon notice that the defense intends to retain a different designated defense expert.

7. For the purpose of trial, the Government agrees to make available a digital copy of any Government trial exhibit that contains contraband, which will be kept in the custody and control of the case agent. Upon reasonable notice by the defense, the case agent will also maintain for trial digital copies of any proposed defense exhibit that contains contraband. If the defense team intends to offer, publish, or otherwise utilize any Government or defense exhibit contained on the digital copy maintained by the case agent during trial, the case agent shall assist the

**ORDER ENTERING RENEWED STIPULATED PROTECTIVE ORDER RE: COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND** * 3

defense team in publishing or utilizing the exhibit that contains contraband upon notification by the defense team.

8. The Government and its agents will make no attempt to record any audio from the workstation and no attempt to observe the defense team's work or computer monitor screen at any time.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 25th day of February 2021.



Stanley A. Bastian
Chief United States District Judge

ORDER ENTERING RENEWED STIPULATED PROTECTIVE ORDER RE: COMPUTER FORENSIC REVIEW PROCEDURES FOR CHILD PORNOGRAPHY CONTRABAND * 4